UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH HEIDBRINK and
L. ROXANA MARION, on behalf
of themselves and all others similarly
situated,

       Plaintiffs,

v.                            CASE NO. 8:14-cv-01232-JSM-AEP

THINKDIRECT MARKETING GROUP,
INC. a/k/a or formerly known as AGORA
MARKETING SOLUTIONS, INC. a/k/a or
formerly known as SPECIAL DATA
PROCESSING CORPORATION a/k/a or
formerly known as NATIONAL MAGAZINE
EXCHANGE, BLACKSTREET CAPITAL
MANAGEMENT, LLC, THOMAS H. RIPLEY,
Individually, DENNIS CAHILL, Individually,
PAT DALL, Individually, and DAVE
MACEY, Individually,

       Defendants.
_____/

**DEFENDANT BLACKSTREET CAPITAL MANAGEMENT, LLC'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION**

      Defendant Blackstreet Capital Management, LLC ("BCM"), under Federal Rule of Civil

Procedure 12(b)(2), and pursuant to the Court's May 28, 2014 Order, (DE #4), files this

Memorandum of Law in support of its Motion to Dismiss for Lack of Personal Jurisdiction, (DE

#3).

**INTRODUCTION AND STATEMENT OF FACTS**

      The only direct allegation in Plaintiffs' Complaint purporting to support personal

jurisdiction over BCM is a conclusory allegation, without factual support, that BCM is "a

Foreign Corporation, engaged in substantial and not isolated business activities within the State of Florida." (Compl. ¶ 6). The Court, therefore, may dismiss the Complaint as against BCM on the basis that the Complaint fails to set forth specific allegations of fact that would give rise to personal jurisdiction.

Even if the Court were to liberally construe Plaintiffs' Complaint, Plaintiffs cannot demonstrate that BCM has continuous and systematic contacts with Florida to justify an exercise of general jurisdiction over BCM in this case. In fact, BCM is not subject to personal jurisdiction in Florida. BCM has no physical presence in Florida and has no other contacts with Florida that would justify an exercise of personal jurisdiction over it in this case. BCM is a company with its sole office in Chevy Chase, Maryland that provides high-level monitoring, restructuring and advisory services to companies as an independent contractor pursuant to a contract for BCM's services. (See Declaration of Murry N. Gunty ("Gunty Decl.") ¶ 2, attached hereto as Exhibit 1.)

BCM is a Delaware limited liability company. (Gunty Decl. ¶ 2.) BCM does not have an office in Florida. (Id. ¶ 3.) Contrary to Plaintiffs' conclusory and unsupported allegation that "[a]t all times material hereto Defendants, THINKDIRECT MARKETING GROUP, INC. and BLACKSTREET CAPITAL MANAGEMENT, LLC are joint employers and/or a common enterprise" (Compl. ¶ 13), no employee of BCM resides or works in Florida. (Gunty Decl. ¶ 5.) BCM does not own real property in Florida. (Id. ¶ 3.) BCM does not have a registered agent for service of process in Florida and has never filed suit in Florida. (Id. ¶ 4.) BCM does not maintain any records in Florida and has never opened a bank account in Florida. (Id. ¶ 6.) BCM has never paid, or been required to pay, taxes in Florida. (Id.)

Although BCM has entered into contracts with ThinkDirect and a Florida entity under which BCM provides these entities with advisory services, these contracts were executed in Maryland and are governed by Maryland law. (Id. ¶¶ 8-9.)  BCM's provision of services under the contracts is insufficient to constitute systematic or continuous activities that would subject BCM to general jurisdiction in Florida.

Similarly, Plaintiffs' conclusory allegation that Mr. Ripley and Mr. Cahill are both "Operating Partner[s]" of BCM and officers of ThinkDirect does not subject BCM to general jurisdiction. (Compl. ¶¶ 7-10.)  Indeed, although Plaintiffs never define what they mean by the phrase "Operating Partner," even if Plaintiffs alleged that BCM had interlocking officers with a company located in Florida (which BCM does not have and which Plaintiffs have not alleged), even that allegation would be insufficient to confer personal jurisdiction on BCM under Florida law.  In fact, Mr. Ripley and Mr. Cahill are not employees of BCM.  Mr. Cahill and Mr. Ripley are employees of ThinkDirect.  (Gunty Decl. ¶ 10.)

Similarly, the allegation that "Defendant, BLACKSTREET CAPITAL MANAGEMENT, LLC through ACCC Acquisition, LLC owns the majority of stock in THINKDIRECT MARKETING GROUP, INC." (Compl. ¶ 6), even if assumed to be true for purposes of this motion, is insufficient to establish personal jurisdiction over BCM in Florida.  Under Florida law, a company is not subject to personal jurisdiction merely by indirectly owning stock in another company with offices located in Florida.

Plaintiffs do not allege that BCM is subject to specific jurisdiction under Florida's long-arm statute.  Even if they had, Plaintiffs could not demonstrate specific jurisdiction based on the facts alleged in the Complaint and the facts BCM avers.  Nor have Plaintiffs alleged a basis upon which exercising specific jurisdiction over BCM would comport with due process.

Plaintiffs fail to allege facts demonstrating any basis to confer personal jurisdiction over BCM in this case.  Accordingly, the Court should dismiss the Complaint with prejudice as to BCM.

## LEGAL ARGUMENT

## THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER BCM AND SHOULD GRANT BCM'S MOTION TO DISMISS

Plaintiffs fail to demonstrate or even allege any facts that could form a basis for this Court to assert personal jurisdiction over BCM.  A court must dismiss an action against a defendant over which it has no personal jurisdiction.  Verizon Trademark Servs. v. Producers, Inc., 810 F. Supp. 2d 1321, 1323 (M.D. Fla. 2011).  The determination of whether the Court has personal jurisdiction over a nonresident defendant requires a two-part analysis.  Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996); Cable-Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990).

First, the Court examines the jurisdictional issue under Florida's long-arm statute.  Sculptchair, 94 F.3d at 626.  "The reach of the Florida long-arm statute is a question of Florida law."  Jackson-Bear Group, Inc. v. Amirjazil, 2011 WL 1232985, at *2 (M.D. Fla. 2011) ("When subject matter jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, the Court looks to the state long-arm statute to determine the existence of personal jurisdiction") (citing Sculptchair, 94 F.3d at 626-27); Cable-Home Commc'n. Corp., 902 F.2d at 855.  The statute is to be strictly construed.  Oriental Imports and Exports, Inc. v. Maduro and Curiel's Bank, N.V., 701 F.2d 889, 891 (11th Cir. 1983).  Florida's long-arm statute may confer both general and specific jurisdiction, the former being more difficult to show based on substantial activity unrelated to the cause of action.  Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2002).  Unlike general jurisdiction, in

order to obtain specific jurisdiction over a nonresident defendant, there must be a showing of a causal connection between the defendant's contacts and the cause of action. See id.

Second, if the Court finds the long-arm statute is satisfied, then the Court must determine whether sufficient minimum contacts exist between the defendant and the forum state such that jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. Sculptchair, 94 F.3d at 626 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Invoking the Court's jurisdiction over a nonresident defendant is only permitted if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

The plaintiff bears the initial burden. If the plaintiff establishes a *prima facie* case of personal jurisdiction through the allegations of his complaint, the defendant may challenge those allegations through affidavits, shifting the burden back to the plaintiff to prove jurisdiction. Sculptchair, 94 F.3d at 627 (quoting Jet Charter Serv., Inc. v. Coeck, 907 F.2d 1110, 1112 (11th Cir. 1990)). If the defendant sustains its burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint. Sculptchair, 94 F.3d at 627.

A.      **BCM's Motion Should Be Granted Because Plaintiffs Have Not Satisfied Their Initial Burden Of Alleging Specific Jurisdictional Facts Required To Satisfy Florida's Long-Arm Statute**

A complaint against an out-of-state defendant must allege a sufficient basis to exercise jurisdiction under the Florida long-arm statute, as it is incumbent upon the plaintiff to make the grounds for jurisdiction appear. Venetian Salami Co. v. J.S. Parthenais, 554 So. 2d 499, 502 (Fla. 1989); Hyco Mfg. Co. v. Rotex Int'l Corp., 355 So. 2d 471, 473 (Fla. 3d DCA 1978) (reversing the lower court denial of motion to dismiss). Plaintiffs cannot establish a *prima facie*

case unless they allege sufficient jurisdictional facts to withstand a motion for a directed verdict or judgment as a matter of law. <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.</u>, 598 F.3d 802, 810 (11th Cir. 2010).

Here, Plaintiffs allege no specific jurisdictional facts. The only direct allegation is that BCM is "a Foreign Corporation, engaged in substantial and not isolated business activities within the State of Florida," which is conclusory and presented without factual support. (Compl. ¶ 6.) Put simply, Plaintiffs fail to establish any contacts between BCM and Florida, thus Plaintiffs have failed to establish a basis for this Court to assert jurisdiction over BCM in this matter. Plaintiffs' Complaint is "devoid of any factual allegations establishing personal jurisdiction" over BCM. <u>Homes Design Servs., Inc. v. David Weekly Homes, LLC</u>, 2007 WL 1080001, at *2 (M.D. Fla. April 9, 2007); <u>see also</u> <u>United Techs. Corp. v.</u> Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009); <u>accord</u> <u>Henderson v. Elias</u>, 56 So. 3d 86, 90 (4th DCA 2011). On that basis alone, Plaintiffs' Complaint against BCM should be dismissed.

> **B.      Even If Plaintiffs Met The First Hurdle By Pleading Sufficient Jurisdictional Facts, The Evidence Shows That Exercising Personal Jurisdiction Over BCM Is Improper**

> **1.      Plaintiffs Have Not Established General Jurisdiction over BCM**

General jurisdiction, under Florida's long-arm statute, does not exist over BCM because it has not "engaged in substantial and not isolated activity" in Florida under Section 48.193(2), Florida Statutes. Although general jurisdiction under the Florida long-arm statute does not require a causal connection between the defendant's conduct and Florida, it does demand a showing of substantial general business contacts with the forum state. <u>See</u> <u>Fraser v. Smith</u>, 594 F.3d 842, 847 (11th Cir. 2010); <u>Carib-USA Shiplines Bahamas, Ltd. v. Dorsett</u>, 935 So. 2d 1272, 1275 (Fla. 4th DCA 2006). "General jurisdiction requires far more wide-ranging contacts with

the forum state than specific jurisdiction, and it is thus more difficult to establish." Canale v. Rubin, 20 So.3d 463, 466 (Fla. 2d DCA 2009).

Here, BCM is a Delaware limited liability company. (Gunty Decl. ¶ 2.) BCM does not have an office in Florida. BCM's only office is located in Chevy Chase, Maryland. (Id. ¶ 3.) BCM does not have employees that reside or work in Florida. (Id. ¶ 5.) BCM does not own any real estate located in Florida. (Id. ¶ 3.) BCM does not have a registered agent for service of process in Florida and has never filed suit in Florida. (Id. ¶ 14.) BCM does not maintain any records in Florida and has never opened a bank account in Florida. (Id. ¶ 6.) BCM has never paid, or been required to pay, taxes in Florida. (Id.) Accordingly, BCM does not have continuous or systematic contacts with Florida.

Plaintiffs do not allege in their Complaint that BCM has a *single* direct contact with Florida that would be necessary to establish general jurisdiction. Rather, they allege that "Defendant, BLACKSTREET CAPITAL MANAGEMENT, LLC through ACCC Acquisition, LLC owns the majority of stock in THINKDIRECT MARKETING GROUP, INC." (Compl. ¶ 6). Even accepting that allegation as true, it is insufficient to establish personal jurisdiction over BCM in Florida. Under Florida law, a company is not subject to personal jurisdiction merely by directly or indirectly owning stock in another company with offices located in Florida. See Qualley v. Int'l Air Serv. Co., 595 So.2d 194, 196 & n.2 (Fla. 3d DCA 1992) (refusing to exercise long-arm jurisdiction over a parent company that owned the shares of a subsidiary, which in turn owned shares of another subsidiary in Florida); see also Enic PLC v. F.F. South & Co., 870 So.2d 888, 891 (Fla. 5th DCA 2004) ("It is well settled in Florida that the mere presence of a subsidiary in Florida, without more, does not subject a non-Florida corporate parent to long-arm jurisdiction."); Florida v. Am. Tobacco Co., 707 So.2d 851, 854 (Fla. 5th

DCA 1998) ("The law is clear that the mere presence of a wholly owned subsidiary is insufficient to form a basis for the assertion of personal jurisdiction"); Walt Disney Co. v. Nelson, 677 So.2d 400, 403 (Fla. 5th DCA 1996) ("The Company's status as parent . . . was, without more, ineffective to establish long-arm jurisdiction under § 48.193.").

Similarly, Plaintiffs' conclusory allegation that Mr. Ripley and Mr. Cahill are both "Operating Partner[s]" of BCM and officers of ThinkDirect does not subject BCM to general jurisdiction. (Compl. ¶¶ 7-10.) Although Plaintiffs never define what they mean by the term "Operating Partner," even if Plaintiffs alleged that BCM had interlocking officers with a company located in Florida (which BCM does not have and which Plaintiffs have not alleged), that allegation would still be insufficient to confer personal jurisdiction on BCM under Florida law. See Gen. Cigar Holdings, Inc. v. Altadis, S.A., 205 F. Supp. 2d 1335, 1343-44 (S.D. Fla. 2002) (serving as vice president of parent and chairman of subsidiary, where the duties overlapped, was insufficient to subject parent to general jurisdiction), aff'd sub nom., Gen. Cigar Holdings v. Altadis, S.A., 54 F. App'x 492 (11th Cir. 2002); Enic, 870 So.2d at 889, 891-92 (finding no jurisdiction based on the actions of the subsidiary in Florida, where some of the parent company's directors also served on the subsidiary's board); Am. Tobacco, 707 So.2d at 855-56 (explaining foreign parent not subject to jurisdiction solely through the subsidiary's presence in Florida where some directors of parent corporation sat on the board of the subsidiary and director of the foreign parent also served as the president of the subsidiary).

Although BCM has entered into a contract to advise ThinkDirect and a Florida entity organized under Florida law on financial strategies as an independent contractor, the contracts were executed in Maryland and are governed by Maryland law. (Gunty Decl. ¶¶ 8-9.) Such contracts and services are insufficient to constitute systematic, continuous, or substantial

activities that would render BCM subject to general personal jurisdiction in Florida.  See Mold-Ex Inc. v. Michigan Tech. Representatives, Inc., 2005 U.S. Dist. LEXIS 35470, at *17 (N.D. Fla. Sept. 30, 2005) (holding that the court lacked general jurisdiction where the "only contact with the State of Florida was its long-term contractual relationship (entered into out of state) with a Florida plaintiff" and that "[t]hese contacts are far too attenuated to support a finding of continuous and systematic contacts with the State of Florida under § 48.193(2)").  Plaintiffs cannot, therefore, demonstrate that the Court has general personal jurisdiction over BCM.

Further, even if the allegations of the Complaint could pass muster under the Florida long-arm statute – and they cannot – the exercise of general jurisdiction over BCM would not comport with the Due Process Clause of the Fourteenth Amendment.  It is not enough that a foreign person (or entity) have affiliations with the forum state that are "continuous and systemic," "it is whether that [defendant's] 'affiliations with the State are so continuous and systemic as to render it *essentially at home* in the forum State.'"  Daimler AG v. Bauman, __ U.S. __, 134 S. Ct. 746, 761 (2014) (quoting Goodyear Dunlop Tires Oper., S.A. v. Brown, __ U.S. __, 131 S. Ct. 2846, 2851 (2011)) (emphasis added).  It is a rare case that a foreign defendant would be found "essentially at home" and, therefore, subject to the general jurisdiction of a forum state, and this is certainly not that case.  There are simply no facts that would support a finding of general jurisdiction over BCM in the State of Florida.

### 2.    Plaintiff Has Not Established Specific Jurisdiction over BCM

### a.  Long-arm statute analysis

Even if Plaintiffs had alleged specific jurisdiction, they could not establish it based on the facts that they alleged and that BCM avers.  A nonresident defendant is amenable to suit in Florida under the long-arm statute, only if the defendant submits to the jurisdiction of the courts in this state by committing an act specifically enumerated in section 48.193(1)(a).  This inquiry

is severely hampered because the grounds for jurisdiction do not "appear" in the Complaint. Venetian Salami Co., 554 So. 2d at 502. Put simply, there is not a single identifiable allegation that would meet any of the specifically enumerated sections of Florida's long-arm statute.

The only conceivable section of Florida's specific jurisdiction long-arm statute that could apply to these facts is § 48.193(1)(a)(6), which permits the exercise of jurisdiction over a foreign defendant if the cause of action arises from an act: "Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury . . . . The defendant was engaged in . . . service activities within this state." Id. § 48.193(1)(a)(6)(a). BCM does not engage in service activities in Florida. Neither the allegations of the Complaint, nor the evidence, satisfy these requirements. See, e.g., Walack v. Worldwide Mach. Sales, Inc., 278 F. Supp. 2d 1358, 1366 (M.D. Fla. 2003).

Rather, as discussed above, Plaintiffs cannot establish long-arm jurisdiction over BCM based on allegations that BCM owns a majority of shares in ThinkDirect "through" ACCC Acquisition, LLC and that Mr. Ripley and Mr. Cahill were both "Operating Partner[s]" of BCM and officers of ThinkDirect. (Compl. ¶¶ 7-10.); Qualley, 595 So.2d 194, 196 & n.2; Nelson, 677 So.2d at 403. Further, BCM has also established that it does not employ either Plaintiffs, Mr. Ripley, or Mr. Cahill (Gunty Decl. ¶¶ 5, 7, 10), contrary to Plaintiffs' erroneous allegation that [a]t all times material hereto Defendants, THINKDIRECT MARKETING GROUP, INC. and BLACKSTREET CAPITAL MANAGEMENT, LLC are joint employers and/or a common enterprise." (Compl. ¶ 13). Finally, "the fact that a foreign defendant contracts with a Florida resident is not enough to establish personal jurisdiction over the foreign defendant" under the long-arm statute. Walack, 278 F. Supp. 2d at 1366. Therefore, the Complaint does not establish any causal connection with the State of Florida sufficient to satisfy the Florida long-arm statute.

**b.  Due process analysis**

Even assuming that Plaintiffs satisfied their burden of alleging sufficient jurisdictional facts (which they do not), and that Plaintiffs satisfied their burden of establishing jurisdiction under the Florida long-arm statute (which they do not), they have not alleged a basis under which exercising personal jurisdiction over BCM would be appropriate.  BCM lacks sufficient connections with Florida arising out of the actions alleged to establish the minimum contacts necessary for personal jurisdiction, and the Court's assertion of jurisdiction over BCM would not comport with "traditional notions of fair play and substantial justice" in any event.  Madara v. Hall, 916 F.2d 1510, 1519 (11th Cir. 1990).  BCM has not "purposefully availed" itself "of the privilege of conducting activities" within Florida, thus invoking the benefits and protections of its laws.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).  "The existence of a contractual relationship between a nonresident defendant and a Florida resident is not sufficient in itself to meet the requirements of due process."  Jet Charter Serv., Inc. v. Koeck, 907 F.2d 1110, 1113 (11th Cir. 1990) (citing Burger King, 471 U.S. at 462).  In addition, BCM's "conduct and connection with the forum State" are attenuated, such that BCM should not "reasonably anticipate being haled into court there."  Cable/Home Commc'n Corp., 902 F.2d at 854-60.  Accordingly, exercising personal jurisdiction over BCM would not comport with due process in this case.

<u>CONCLUSION</u>

For all of the foregoing reasons, Defendant Blackstreet Capital Management, LLC ("BCM") respectfully requests that the Court dismiss Plaintiffs' Complaint as to BCM with prejudice.

Dated this 6th day of June, 2014.

Respectfully submitted,


/s/ Reed L. Russell
Reed L. Russell
  Florida Bar No. 0184860
  reed.russell@phelps.com
Craig S. Dawson
  Florida Bar No. 0060829
  craig.dawson@phelps.com
PHELPS DUNBAR LLP
100 South Ashley Drive
Suite 1900
Tampa, Florida 33602
Telephone:  (813) 472-7550
Facsimile:  (813) 472-7570

-and-

Adam S. Caldwell (admitted *pro hac vice*)
  DC Bar No. 931214
  adamcaldwell@dwt.com
Micah J. Ratner (admitted *pro hac vice*)
  DC Bar No. 996955
  micahratner@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006-3401
(202) 973-4223
(202) 973-4423 (FAX)

Attorneys for Defendant Blackstreet Capital
Management, LLC

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on June 6, 2014, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to

all counsel of record.

                               /s/ Reed L. Russell_____
                               Attorney