## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**ELIZABETH HEIDBRINK and L.
ROXANA MARION, on behalf of themselves
and all others similarly situated,**

      **Plaintiffs,**

**v.**                                       **Case No.  8:14-cv-1232-T-30AEP**

**THINKDIRECT MARKETING GROUP,
INC., et al.,**

      **Defendants.**
_____/

### ORDER

THIS CAUSE comes before the Court upon Defendant Blackstreet Capital Management, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 3), Defendant Blackstreet's Memorandum of Law in Support (Dkt. 11), and Plaintiffs' Response in Opposition (Dkt. 21).  The Court, having reviewed the motion, memorandum of law, response, and being otherwise advised in the premises, concludes that the motion should be granted.

### BACKGROUND

This is a collective action under the Fair Labor Standards Act ("FLSA") against various defendants, including Defendant ThinkDirect Marketing Group, Inc. and Defendant Blackstreet Capital Management, LLC to recover unpaid overtime wages and liquidated damages.

Defendant Blackstreet moves to dismiss for lack of personal jurisdiction. With respect to Blackstreet, the complaint alleges that Blackstreet is a foreign corporation, "engaged in substantial and not isolated business activities within the State of Florida." And that Blackstreet owns the majority stock in ThinkDirect. The complaint also avers that Blackstreet and ThinkDirect are "joint employers and/or a common enterprise."

Blackstreet's motion relies on the Declaration of Murry N. Gunty, Blackstreet's Managing Member (Dkt. 19-1). Gunty's Declaration states the following pertinent facts: Blackstreet provides high-level monitoring, restructuring, and advisory services to companies as an independent contractor; Blackstreet does not, and has never had, an office located in Florida; Blackstreet does not own real property in Florida; Blackstreet does not have a registered agent for service of process in Florida; Blackstreet has never filed a lawsuit in Florida; Blackstreet does not have any employees residing or working in Florida; Blackstreet does not maintain records in Florida; Blackstreet has never opened a bank account in Florida; Blackstreet has never paid, or been required to pay, taxes in Florida; and Blackstreet has never employed Plaintiffs.

With respect to Blackstreet's relationship with ThinkDirect, Gunty states that Blackstreet and ThinkDirect entered into a Management and Advisory Agreement. Under the Agreement, Blackstreet provides high-level financial and advisory services to ThinkDirect in exchange for a fee. The Agreement was executed in Maryland and is governed by Maryland law.

Plaintiffs' opposition cites to Blackstreet's website that states that Blackstreet is in the business of buying other companies, including ThinkDirect.  The website further states that Blackstreet owns the majority of the stock in ThinkDirect.  Plaintiffs also point out that Defendants Thomas H. Ripley and Dennis Cahill, who are employees and executive officers of ThinkDirect, are also "operating partners" of Blackstreet.  And that Gunty is a director of ThinkDirect.  Plaintiffs also surmise, without providing any evidentiary support, that Blackstreet and ThinkDirect are joint employers.

Under the applicable law, Plaintiffs have not met their burden to establish personal jurisdiction over Blackstreet.

## DISCUSSION

### I.  Legal Standard

A court must dismiss an action against a defendant over which it has no personal jurisdiction.  *See Smith v. Trans-Siberian Orchestra,* 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010) (citing *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)).  The court applies a two-party analysis to determine whether the court has personal jurisdiction over a defendant.  *See Cable/Home Commc'n Corp. v. Network Prod., Inc.,* 902 F.2d 829, 855 (11th Cir. 1990).

First, the court must determine whether the plaintiff has alleged facts sufficient to subject the defendant to Florida's long-arm statute.  *See Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000).  "When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court

is required to construe it as would the state's supreme court." *Lockard v. Equifax, Inc.,* 163 F.3d 1259, 1265 (11th Cir.1998).

Second, once the court has determined that the long-arm statute is satisfied, the court must determine whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice. *See Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626 (11th Cir. 1996).

## II.     Florida's Long-Arm Statute

### A.     General Jurisdiction

General jurisdiction arises from a defendant's contacts with the forum that are not necessarily related to the cause of action being litigated. *See Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1293 (11th Cir. 2000). Florida's long-arm statute permits a court to exercise general jurisdiction over a defendant "who is engaged in substantial and not isolated activity within this state ... whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). The continuous and systematic contacts sufficient to confer general jurisdiction present a "much higher threshold" than those contacts necessary to support specific jurisdiction. *See Seabra v. Int'l Specialty Imp's, Inc.,* 869 So. 2d 732, 734 (Fla. 4th DCA 2004).

Plaintiffs do not point to any evidence tending to show that Blackstreet engaged in continuous and systematic contacts with Florida. Gunty's Declaration establishes that Blackstreet does not have a Florida office, does not have employees in Florida, does not own real estate in Florida, does not maintain records in Florida, and has never paid Florida taxes.

And Blackstreet's contracts with ThinkDirect and another Florida entity were executed in Maryland and are governed by Maryland law.  Such contracts and services are insufficient to constitute systematic, continuous, or substantial activities that would render Blackstreet subject to general personal jurisdiction in Florida.  Accordingly, the Court concludes that it does not have general jurisdiction over Blackstreet.

### B.     Specific Jurisdiction

Plaintiffs' response contends that the Court has specific jurisdiction over Blackstreet under Fla. Stat. § 48.193(1)(a)1 that provides that a defendant, "whether or not a citizen or resident of this state," is subject to the jurisdiction of Florida courts "for any cause of action arising from any of the following acts: (a) [o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Plaintiffs rely on the parent/subsidiary relationship that exists as a result of Blackstreet's ownership of stock in ThinkDirect.  Plaintiffs also conclude that Blackstreet and ThinkDirect are joint employers.

Florida law is clear that the relationship of parent-subsidiary alone is insufficient to confer personal jurisdiction over the foreign parent corporation in the forum in which the subsidiary acts.  *See Reynolds Amer., Inc. v. Gero*, 56 So. 3d 117, 120-121 (Fla. 3d DCA 2011) ("It is, of course, well settled that a parent corporation and its wholly-owned subsidiary are separate and distinct legal entities.") (internal quotations and citations omitted); *Enic, PLC v. F.F. South & Co., Inc.,* 870 So. 2d 888, 891 (Fla. 5th DCA 2004) (noting "the

presence of a subsidiary corporation within Florida is not enough, without more, to subject a non-Florida parent corporation to long-arm jurisdiction within this state.").

Jurisdiction is exercised over the parent where "a parent corporation exerts such extensive operational control over a subsidiary that the subsidiary is no more than an agent existing to serve only the parent's needs." *Gadea v. Star Cruises, Ltd.,* 949 So. 2d 1143, 1146 (Fla. 3d DCA 2007). Operational control has also been referenced as the day-to-day control of the internal affairs or basic operations of the subsidiary. *Enic,* 870 So. 2d at 891-92.

Plaintiffs do not point to anything, other than the fact that ThinkDirect is Blackstreet's subsidiary, and Ripley, Cahill, and Gunty are partners or officers of both companies to establish common ownership or financial control. This evidence is woefully deficient to establish specific jurisdiction under section 48.193(1)(a)1. Indeed, "[th]e sharing of officers and directors, standing alone, does not impute day-to-day control to the parent corporation." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 2012 WL 5830590, at *5 (M.D. Fla. Nov. 16, 2012) (listing cases holding same).

Plaintiffs rely almost exclusively on statements asserted on Blackstreet's website to surmise that Blackstreet and ThinkDirect are joint employers and ThinkDirect is essentially Blackstreet's agent. But courts do not consider statements in websites, annual reports, and press releases, reliable evidence that the parent exercises "operational control" necessary to confer personal jurisdiction. *See Development Corp. of Palm Beach v. WBC Constr., L.L.C.,*

925 So. 2d 1156, 1163 (Fla. 4th DCA 2006); *Cross Country Home Servs., Inc. v. Home Serv. USA Corp.,* 08-61456-CIV, 2010 WL 55439, at *4 (S.D. Fla. Jan. 6, 2010).

Plaintiffs' argument that Blackstreet and ThinkDirect are joint employers is also without merit. A joint employer theory is relevant to establish liability against a defendant under the FLSA; it is not relevant to establish specific jurisdiction under Florida's long-arm statute. Nevertheless, Plaintiffs' joint employer theory, to the extent that it is employed to establish specific jurisdiction over Blackstreet, fails. The Eleventh Circuit has held that the basis for finding a joint employer relationship "is simply that one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of employees who are employed by the other employer." *Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1360 (11th Cir. 1994). Plaintiffs do not point to any facts, let alone evidentiary support, to establish such a relationship between Blackstreet and ThinkDirect.

In sum, the Court concludes that it does not have specific jurisdiction over Blackstreet.

## III.    Constitutional Analysis

Even assuming that Plaintiffs established personal jurisdiction over Blackstreet under Florida's long-arm statute, Blackstreet lacks sufficient contacts to meet the Constitutional analysis. Indeed, the evidence establishes that Blackstreet should *not* reasonably anticipate being haled into court in Florida. For these reasons, Plaintiffs are not entitled to conduct jurisdictional discovery.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Blackstreet Capital Management, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 3) is granted.

2.      Defendant Blackstreet Capital Management, LLC is hereby dismissed for lack of personal jurisdiction and the Clerk of Court is directed to terminate Defendant Blackstreet Capital Management, LLC.

        **DONE** and **ORDERED** in Tampa, Florida on July 21, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1232.mtdismiss-lack-pers.juris.-grant.frm