**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ELIZABETH HEIDBRINK and L.**
**ROXANA MARION, on behalf of themselves**
**and all others similarly situated,**

      **Plaintiffs,**

**v.**                                                         **Case No.  8:14-cv-1232-T-30AEP**

**THINKDIRECT MARKETING GROUP,**
**INC., et al.,**

      **Defendants.**
_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment (Dkt. 71) and Plaintiffs' Response in Opposition (Dkt. 87).  The Court, having reviewed the motion, memorandum of law, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

### <u>PROCEDURAL FACTS AND DISMISSAL OF THE COLLECTIVE ACTION</u>

On April 1, 2014, this case was filed in state court as a purported collective action under the Fair Labor Standards Act ("FLSA") against Defendants ThinkDirect Marketing Group, Inc., Thomas H. Ripley, Dennis Cahill, Patrick Dall, and Dave Macey to recover unpaid overtime wages and liquidated damages.

On May 23, 2014, the case was removed to this Court. The Court's Case Management Scheduling Order (Dkt. 59) set a dispositive motion deadline of August 14, 2015; at the parties' request, the deadline was extended to September 18, 2015. Plaintiffs did not seek to extend the Court's deadlines for any other purpose. The pretrial conference is scheduled on December 9, 2015. And a jury trial is scheduled for January 2016.

To date, Plaintiffs have not filed a motion to certify the collective action. Any such motion would be grossly overdue under the Court's Case Management Scheduling Order. This case has been pending for more than nineteen months and the trial will be conducted in less than two months. Nonetheless, approximately thirty-seven individuals opted into this action.

The Court concludes that Plaintiffs' failure to diligently pursue a collective action shall result in its dismissal. Accordingly, any reference to this case being a collective or class action will be stricken and this case shall proceed as to the named Plaintiffs Elizabeth Heidbrink and L. Roxana Marion only. Further, any purported opt-in Plaintiff will be dismissed without prejudice. *See McGlathery v. Lincare*, No. 8:13-cv-1255-T-23TBM, 2014 WL 1338610, at *4 (M.D. Fla. Apr. 3, 2014) (dismissing opt-in plaintiffs without prejudice after plaintiffs failed to move for conditional certification during the applicable deadline); *Quijano v. Tuffy Associates Corp.*, No. 2:13-cv-573-FTM-38CM, 2014 WL 4182691, at *1 (M.D. Fla. Aug. 21, 2014) (same).

# BACKGROUND

## I.    Introduction

Defendants move for summary judgment on Plaintiffs' overtime claims.  The Court limits its ruling to Plaintiffs Elizabeth Heidbrink and L. Roxana Marion.  As explained further below, there are genuine issues of fact that prevent judgment as a matter of law on the issue of whether Plaintiffs were engaged in activity benefitting ThinkDirect during the time that they were purportedly electing not to receive incoming calls.  However, individual Defendants Thomas H. Ripley, Dennis Cahill, and Dave Macey established that they are not individually liable under the FLSA as a matter of law.  The Court now turns to the relevant facts.

## II.    Relevant Facts

Defendant ThinkDirect is a telemarketing company that, during the relevant time, based its business primarily on accepting only inbound calls from potential customers responding to a sweepstakes entry that they received in the mail.  When potential customers call ThinkDirect's call center, ThinkDirect's agents enter them into the sweepstakes and then attempt to sell them magazines.  Plaintiffs Heidbrink and Marion were call center agents who enrolled callers into the sweepstakes and then offered the callers magazine subscriptions.

ThinkDirect utilizes a CISCO telephone system that tracks an agent's phone activity at any given time from the time the agent logs into the system through logoff.  Notably, agents are paid based on their "status."  CISCO records the entry and exit into each status category precisely (by second).  For example, CISCO will identify the seconds between

completion of login until the agent selects "ready" status to begin accepting phone calls. CISCO identifies and tracks the following status categories:

**"Ready"** - Agent selects ready to receive inbound calls from customers.  This is a paid status and the only status that allows for the receipt of an inbound call;

**"Training"** - Agent selects to receive training.  This is a paid status, although in this status an agent cannot take calls;

**"Break"** - Agent selects to go into a break period.  Agents are not required to perform work while in break status.  This is a paid status.  Most schedules have two paid breaks per day, each for fifteen minutes;

**"Lunch"** - Agent selects this status and does not receive calls while in this status. This is unpaid status;

**"Personal"** - Agent selects this status and does not receive calls in personal status. The agent is also not required to perform work and the agent's activities are not tracked or monitored in this status.  This status is unpaid.  Agents are instructed to use personal status if they have used their allotted break time but must be away from the phones for a personal reason;

**"End of Shift"** - Agent selects this status to indicate the end of the work day and to log off the system.  Agents are not able to receive calls once this status is initiated. This status is unpaid;

**"Undefined"** - this status represents the time between when an agent completes the log in process and selects ready status.  This status is unpaid; and

**"CTI Failure/Disconnection"** - This status occurs when a connection in the system has dropped, or another system failure has occurred.  This status is unpaid.

ThinkDirect trains agents on the compensability of time.  Agents receive training to understand the various status types (time categories) and to understand which status types are paid or unpaid.  As delineated above, agents are paid only for "ready," "training," or "break" statuses.

Heidbrink and Marion contend that they should have been compensated for the following time: the time they spent conducting preliminary and postliminary activities like the time spent turning on their computer and logging in and the time spent shutting down the computer; undefined time related to the time between logging in and selecting "ready" status and the time between taking themselves out of "ready" status and logging out; time spent in "lunch" or "personal" status that is less than twenty minutes; and time spent associated with undefined CTI failures/disconnections.

The Court now turns to the relevant law.

## <u>SUMMARY JUDGMENT STANDARD</u>

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

### I.      Applicable Law

The FLSA establishes labor standards to combat "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."   29 U.S.C.  §  202(a).   The statute was designed to aid "those employees who lack[] sufficient bargaining power to secure for themselves a minimum subsistence wage."  *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n. 18 (1945)).   The FLSA requires that, if an employee works over forty hours in a workweek, the employee must be compensated at least time-and-one-half for each hour over forty.   29 U.S.C. § 207(a)(1).

The statute does not contain a definition of "work."   The Supreme Court has interpreted "work" or "employment" as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business."  *IBP, Inc. v. Alvarez,* 546 U.S. 21, 25 (2005). Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case and is typically an issue of fact. *See Armour & Co. v. Wantock,* 323 U.S. 126, 133 (1944).

The Secretary of Labor regulation entitled "On Duty" acknowledges that there may be instances of "work" even in the absence of activity.   These time periods are typically unpredictable and short in duration, but, in either event, include instances where "the employee is unable to use the time effectively for his own purpose."   29 C.F.R. § 785.15.

Similarly, 29 C.F.R. § 785.16(a), entitled "Off Duty," provides, in part, that "[p]eriods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked . . . [and] [w]hether the time is long enough to enable him to use the time effectively for his own purposes depends upon all of the facts and circumstances of the case."

The applicable regulations define the "workday" as "the period between the commencement and completion on the same workday of an employee's principal activity or activities [and] [i]ncludes all time within that period whether or not the employee engages in work throughout all of that period."  29 C.F.R. § 790.6(b).

The Secretary of Labor has promulgated two regulations pertaining to meal and rest periods.  The first, entitled "Rest" states:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry.  They promote the efficiency of the employee and are customarily paid for as working time.  *They must be counted as hours worked.*  Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

29 C.F.R. § 785.18 (emphasis added).

The second, entitled "Meal" states:

> Bona fide meal periods are not worktime.  Bona fide meal periods do not include coffee breaks or time for snacks.  These are rest periods. *The employee must be completely relieved from duty for the purposes of eating regular meals.*  Ordinarily 30 minutes or more is long enough for a bona fide meal period.  A shorter period may be long enough under special conditions.  The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.

29 C.F.R. § 785.19 (emphasis added).

With respect to call centers, Fact Sheet #64 entitled "Call Centers Under the Fair Labor Standards Act" is instructive and states, in relevant part:

> An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications, and work-related e-mails.

Available at http://www.dol.gov/whd/regs/compliance/whdfs64.pdf.

## II.    ThinkDirect's Argument that Heidbrink Failed to Participate in this Litigation

With respect to Heidbrink, ThinkDirect argues that it is entitled to summary judgment on her overtime claims because she failed to participate in this litigation as follows: (1) she did not timely file her Court-mandated interrogatories and (2) she failed to appear for her deposition.  Curiously, ThinkDirect did not file a motion to compel or a motion for sanctions with respect to these issues.  ThinkDirect did not even request an extension of the fact discovery deadline to depose Heidbrink.

In her response, Heidbrink states that her counsel volunteered to reschedule her deposition and that she belatedly served her interrogatory answers on Plaintiff's counsel but neglected to file them with the Court.  She maintains that these failures were not intentional or made in bad faith and that any prejudice to Defendants can easily be cured prior to trial.

Upon consideration of the parties' arguments, the Court sees no reason to employ the drastic sanction of dismissing Heidbrink's claims or granting summary judgment against her.  Tellingly, ThinkDirect chose to take no further action with respect to these issues.  And any

prejudice can easily be cured because ThinkDirect has the interrogatory answers and can reschedule Heidbrink's deposition for a date prior to trial. Accordingly, Defendants' motion is denied with respect to this argument.

## III.   ThinkDirect's Argument that Plaintiffs' Claims Fail as a Matter of Law

ThinkDirect argues that Plaintiffs' claims fail as a matter of law because the uncompensated time, i.e., the time Plaintiffs spent on unpaid statuses, related to personal time, or time that was *de minimis*. The Court disagrees. The relevant law suggests that break periods consisting of twenty minutes or less and lunches that are not "bona fide meal periods" should be compensated regardless of the status the employer requires its employees to select. This is pertinent to Plaintiffs' alleged "personal" time and other time that was unpaid but may have involved short breaks or short lunches that were not bona fide meals.

With respect to the other areas of disputed time, like "undefined" time and time spent pre and post shift, it is entirely unclear in the record whether, during these times, Plaintiffs were performing work that benefitted ThinkDirect. ThinkDirect erroneously assumes that Plaintiffs engaged in activity benefitting ThinkDirect only when they were able to receive incoming calls. The Court cannot make a determination about whether this disputed time was compensable because the analysis is "dependent upon all the circumstances of the case" and is typically an issue of fact for the jury. *Armour & Co.,* 323 U.S. at 133.

For these same reasons, the Court cannot determine, at this stage, whether any of this alleged overtime work is *de minimis*. When a claim under the FLSA "concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be

disregarded.    Split-second  absurdities  are  not  justified  by  the  actualities  of  working
conditions or by the policy of the [FLSA].  It is only when an employee is required to give
up a substantial measure of his time and effort that compensable working time is involved."
*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692 (1946); *see also* 29 C.F.R. § 785.47.
Whether a quantum of work is *de minimis* is generally a question of fact to be determined by
a jury.  *Mt. Clemens Pottery,* 328 U.S. at 692 (noting that the precise amount of time that can
be considered *de minimis* is a question for the trier of fact).  Here, it is unclear how much
disputed time is compensable time.  As such, it is equally unclear at this point whether any
of this compensable time is *de minimis*.

Accordingly,  Defendants'  motion  is  denied  with  respect  to  their  argument  that
Plaintiffs' overtime claims fail as a matter of law.

**IV.     No Liability for Individual Defendants**

Defendants argue that Plaintiffs fail to present any record evidence that Defendants
Thomas  H.  Ripley,  Dennis  Cahill,  and  Dave  Macey  exercised  day-to-day  control  of
ThinkDirect  or  supervised  Plaintiffs  to  establish  individual  liability  under  the  FLSA.
Plaintiffs' response acknowledges that these Defendants are entitled to summary judgment
on this issue.  Accordingly, Defendants' motion is granted with respect to their argument that
these individuals cannot be liable under the FLSA as a matter of law.

It is therefore **ORDERED AND ADJUDGED** that:

1.     Defendants' Motion for Summary Judgment (Dkt. 71) is granted in part and
denied in part.  Specifically, the motion is granted only to the extent that

individual Defendants Thomas H. Ripley, Dennis Cahill, and Dave Macey are

entitled to judgment as a matter of law; the motion is otherwise denied.

2. The Clerk of Court is directed to enter Final Judgment in favor of Defendants

Thomas H. Ripley, Dennis Cahill, and Dave Macey and against Plaintiffs

Elizabeth Heidbrink and L. Roxana Marion.

3. Those portions of the Complaint (Dkt. 2) alleging a collective or class action

are **STRICKEN**.

4. All purported opt-in Plaintiffs are dismissed from this case without prejudice.

5. Defendants' Motion for Leave to File Reply (Dkt. 90) and Motion to Strike

(Dkt. 91) are denied.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1232.msj-overtime-noclass-deny71.wpd